UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY RAY SWEARINGEN, | } | |
| | } | |
| Petitioner, | } | |
| VS. | } | CIVIL ACTION NO. H-09-300 |
| | } | |
| NATHANIEL QUARTERMAN, | } | |
| | } | |
| Respondent. | } | |

## ORDER

Larry Ray Swearingen ("Swearingen") has already once sought federal habeas relief. On January 26, 2009, the United States Court of Appeals for the Fifth Circuit tentatively authorized Swearingen to file a second federal habeas action. On February 2, 2009, Swearingen filed his second petition in this Court. (Docket Entry No. 1).

At this stage, the Court must conclusively decide whether federal law authorizes Swearingen to a second opportunity for habeas review. Under 28 U.S.C. § 2244(b)(2)(C), "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies" certain requirements. The statute allows an inmate to file a successive petition under the following circumstances:

(A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

1 / 4

      (B)(I)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

      (ii)     the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  A circuit court preliminarily authorizes the filing of a successive action if a petitioner shows that it is "reasonably likely" that his successive petition meets section 2244(b)'s "stringent requirements."  *In re Morris*, 328 F.3d 739, 740 (5th Cir. 2003). After the circuit's authorization of a successive petition, the district court acts as a "second-gatekeeper" and "conduct[s] a 'thorough' review to determine if the motion 'conclusively' demonstrates that it does not meet [the Anti-Terrorism and Effective Death Penalty Act's] second or successive motion requirements."  *Reyes-Requena v. United States*, 243 F.3d 893, 898-99 (5th Cir. 2001) (quoting *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1165 (9th Cir. 2000).  Noncompliance with section 2244(b) amounts to a lack of subject matter jurisdiction, *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003), and thus "[a] district court *shall dismiss* any claim presented in a second or successive application that the court of appeals has authorized to be filed *unless the applicant shows that the claim satisfies the requirements of this section*."  28 U.S.C. § 2244(b)(4) (emphasis added).

      The Fifth Circuit tentatively authorized this Court to consider two issues: "(1) *Giglio* violations in the State's presentation of Dr. Carter's testimony; and (2)

*Strickland* violations in trial counsel's cross-examination of Dr. Carter, and his failure to develop histological evidence." *In re Swearingen*, ___ F.3d ___, 2009 WL 162402, at *4 (5th Cir. Jan. 26, 2009). Swearingen addresses those issues in claims two through six of his second habeas petition. Swearingen's second petition, however, also includes a claim for which he candidly admits that he did not receive circuit authorization to file: that the Constitution prohibits his execution because he is actually innocent. The Fifth Circuit, in fact, expressly denied him leave to file that claim. *See Swearingen*, ___ F.3d at ___, 2009 WL 162402, at *3. District court consideration of that claim would violate both the mandate rule, *see General Universal Systems, Inc. v. Hal, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007), and the AEDPA. This Court does not have subject matter jurisdiction to consider Swearingen's first constitutional claim.

With regard to the remaining issues presented in his second habeas petition, Swearingen asks for time to amend his petition to show compliance with 28 U.S.C. § 2244(b)(2). He suggests that an evidentiary hearing may be necessary to address that issue, but does not describe what witnesses or evidence he wishes to present. The Court, therefore, **ORDERS** Swearingen to file an amended petition for habeas relief within 60 days from the entry of this Order. Swearingen's amended second petition is subject to dismissal unless he can prove compliance with 28 U.S.C. § 2244(b)(2). The Court invites Respondent to file a memorandum, if necessary, addressing Swearingen's compliance with the AEDPA's successiveness provisions within 30 days thereafter. The Court will

subsequently issue a new scheduling order if Swearingen shows entitlement to proceed in this habeas action.

SIGNED at Houston, Texas, this 4th day of February, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE